**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ENTERGY GULF STATES LOUISIANA ET AL. | CIVIL ACTION |
| VERSUS | 14-385-SDD-RLB |
| LOUISIANA GENERATING LLC. | |

**RULING AND ORDER**

This matter is before the Court on the *Motion for Limited Stay of Proceedings*[1] filed by Defendant, Louisiana Generating LLC. ("Defendant"). Plaintiffs, Entergy Gulf States Louisiana LLC, and Entergy Texas, Inc. ("Plaintiffs") have filed an *Opposition*,[2] to which Defendant has filed a *Reply*.[3] For the following reasons, Defendant's motion will be GRANTED.

**I.  PROCEDURAL HISTORY**

Plaintiffs filed their original *Complaint* on June 23, 2014, alleging losses from a series of business transactions with Defendants.[4] On December 18, 2014, the Court granted the parties' request for a stay of proceedings pending the outcome of a related case.[5] On September 1, 2017, the case was reopened by Magistrate Judge Richard L.

---

[1] Rec. Doc. 41.
[2] Rec. Doc. 42.
[3] Rec. Doc. 46.
[4] Rec. Doc. 1, p. 15.
[5] *See* Rec. Doc. 18.
45612

Bourgeois.[6] Plaintiffs filed their *First Supplemental and Amending Complaint* against Defendants on November 17, 2017.[7] Three days later, the Defendant filed a *Motion for Limited Stay of Proceedings*[8] pending the Court's ruling on Defendant's *Motion to Enforce Compromise*.[9] On January 22, 2018, Magistrate Judge Bourgeois granted Defendant's motion for a limited stay of discovery "regarding the first, second, third, fourth, and sixth claims [in Entergy's Amended Complaint]."[10]

## II.  MOTION TO STAY PROCEEDINGS

It is well-settled that a district court has inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[11] This authority includes the district court's wide discretion to grant a stay in a pending matter.[12] Here, Defendant seeks a stay "of the proceedings except for discovery and pleadings related to the enforcement of the compromise."[13] Plaintiffs, in opposition, argue that the stay should not be granted because, "the parties never agreed on settlement terms."[14] When determining whether to exercise its discretion to stay proceedings, "relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity

---

[6] Rec. Doc. 22.
[7] *See* Rec. Doc. 45.
[8] Rec. Doc. 41.
[9] Rec. Doc. 50.
[10] Rec. Doc. 76, p. 4.
[11] *Amec Construction Management, Inc. v. Fireman's Fund Insurance Company*, No.    , 2016 WL 7468808, at *1 (M.D. La. May 31, 2016)(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Billiot v. Beavers*, No. 12-2946, 2015 WL 4397108, at *1 (E.D. La. July 13, 2015)).
[12] *Id.* (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *Francois v. City of Gretna*, No. 13-2640, 2014 WL 1118091, at *1 (E.D. La. Mar. 20, 2014)).
[13] Rec. Doc. 41-1, p. 2.
[14] Rec. Doc. 42, p. 8.
45612

to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."[15]

Considering these factors, the Court finds that a stay is warranted in this case. Defendant has demonstrated prejudice if forced to comply with the discovery requests for issues outside of the enforceability of the alleged settlement agreement. Defendant would be further prejudiced by not staying discovery on issues other than the alleged settlement agreement – if the alleged settlement agreement is enforceable there would be no need for further discovery in the case. Plaintiffs offer no argument that they would be prejudiced or why judicial resources would be saved by delaying discovery for issues other than those relating to the enforcement of the compromise. Plaintiffs also offer no argument refuting Defendant's claim that it would be prejudiced if forced to comply with the discovery requests. Further, the Court finds that a stay at this stage of the proceedings would not result in a waste of judicial resources.

---

[15] *Rizk v. DePuy Orthopaedics, Inc.*, No. 11–2272, 2011 WL 4965498 at *2 (E.D.La. Oct. 19, 2011), citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09–235, 2009 WL 926982, at *1 (E.D.La. Apr. 2, 2009) (citation omitted).
45612

### III. CONCLUSION

For the reasons set forth above, Defendant's *Motion for Limited Stay of Proceedings*[16] is hereby GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 7, 2018.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[16] Rec. Doc. 41.
45612