# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENTERGY GULF STATES LOUISIANA, L.L.C. AND ENTERGY TEXAS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-385-SDD-RLB** |
| **LOUISIANA GENERATING, L.L.C.** | |

## ORDER

Before the Court is Entergy Gulf States Louisiana, LLC, and Entergy Texas, Inc.'s ("Entergy") Motion to Compel Production of Coal Supply and Transportation Contracts. (R. Doc. 70). Louisiana Generating, L.L.C.'s ("LaGen") has filed an opposition. (R. Doc. 93).

### I. Background

On November 17, 2017, Entergy filed a First Supplemental and Amending Complaint, which asserts six claims for relief. (R. Doc. 45). The third claim seeks a declaration that Entergy is entitled to certain coal supply and transportation contracts under Section 7.2 and 7.4 of the parties' Joint Ownership Participation and Operating Agreement (the "JOPOA") and a December 13, 2002 Settlement Agreement. (R. Doc. 45 at 14-17). The fourth claim seeks relief regarding the cost of the cancellation of certain coal deliveries, including access to certain coal contracts under Section 7.0 of the JOPOA and a subsequent February 2007 Agreement. (R. Doc. 45 at 17-21).

On November 30, 2017, LaGen filed its Affirmative Defenses and Answer. (R. Doc. 49). Among other things, LaGen asserted that Entergy is not entitled to the coal supply and transportation contracts under the JOPOA, the contracts contain highly confidential information,

and that LaGen does not have possession, custody, or control of the contracts as they are the contracts of its parent company, NRG Energy Inc. or affiliates. (R. Doc. 49 at 24, 31).

On January 15, 2018, Entergy filed its Motion to Enforce December 13, 2002, Settlement Agreement or, Alternatively, Motion to Compel Production of Coal Supply and Transportation Contracts. (R. Doc. 70).

On November 5, 2018, the district judge denied Entergy's Motion to Enforce, specifically holding that the December 13, 2002 Settlement Agreement does not require the production of coal supply and transportation contracts in effect from 2012 through 2018. (R. Doc. 137). The district judge referred to the undersigned the resolution of the alternative relief sought, namely an order compelling the production of the coal supply and transportation contracts in response to Entergy's Request for Production No. 16. (R. Doc. 137 at 10-11).

Entergy asserts that Request for Production No. 16 seeks information regarding its third and fourth claims in its First Supplemental and Amending Complaint that falls within the scope of discovery. (R. Doc. 70-1 at 4-6). Entergy's Request for Production No. 16 provides the following:

> **REQUEST FOR PRODUCTION NO. 16:**
> Please produce all coal supply and transportation contracts, including railcar leases, that were in effect from January 1, 2012 through the current date and that pertain to the purchase and/or shipment of coal for use at Unit 3, including, but not limited to, contracts with the following counterparties: BNSF Railway Company, American Commercial Barge Lines, Calvert City Terminal, and Buckskin Mining Company.

(R. Doc. 70-10 at 21). LaGen objected to this request on the basis that it was premature, and otherwise sought confidential and irrelevant information. (R. Doc. 70-10 at 21-22).

## II. Law and Analysis

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

The third and fourth claims in Entergy's First Supplemental and Amending Complaint seek declarations that coal supply and transportation contracts in effect from 2012 through 2018 must be produced in light of the JOPOA or other agreements between the parties. The same contracts are being sought in discovery. As discussed above, the district judge has denied the relief sought pursuant to the December 13, 2002 Settlement Agreement. (R. Doc. 139).[1] It remains to be adjudicated, however, whether any of the contracts sought in discovery must be produced under the JOPOA or the February 2007 Agreement. This determination hinges upon the language of the JOPOA and the February 2007 Agreement, not on the coal supply and

---

[1] The district judge has also denied the parties' other motions to enforce settlement agreements or compromises. (R. Doc. 129; R. Doc. 137).

transportation contracts sought as relief. Accordingly, the Court concludes that the discovery sought is not relevant to the third and fourth claims in Entergy's First Supplemental and Amending Complaint. The Court will not allow Entergy to circumvent having to prove that it is entitled to the coal supply and transportation contracts on the merits by obtaining those documents through the discovery process.

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Entergy's Motion to Compel Production of Coal Supply and Transportation Contracts (R. Doc. 70) is **DENIED**. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that a telephone conference is set for **December 12, 2018 at 10:30 a.m.** before the undersigned to discuss the status of this matter. Defense counsel shall initiate the conference call to chambers at (225) 389-3602.

Signed in Baton Rouge, Louisiana, on November 28, 2018.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**