UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENTERGY GULF STATES LOUISIANA, L.L.C. AND ENTERGY TEXAS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-385-SDD-RLB** |
| **LOUISIANA GENERATING, L.L.C.** | |

**ORDER**

Before the Court is Plaintiffs' Motion for Leave of Court to File Second Supplemental and Amending Complaint. (R. Doc. 141). The motion is opposed. (R. Doc. 146). Plaintiffs have filed a Reply. (R. Doc. 150). Defendant has filed a Surreply. (R. Doc. 153).

Also before the Court is Plaintiff's Motion to Set Status Conference. (R. Doc. 154). There is no opposition to that motion.

**I.    Background**

On June 23, 2014, Entergy Gulf States Louisiana, LLC, and Entergy Texas, Inc. ("Plaintiffs" or "Entergy") commenced this action against Louisiana Generating, LLC ("Defendant" or "LaGen") to obtain certain declaratory relief and damages. (R. Doc. 1). In the first claim, Entergy sought to obtain a proportionate share of the costs of installing and operating a Selective Non-Catalytic Reduction device ("SNCR") on Unit 3 of the Big Cajun II Power Plant (the "Plant") on the basis that the decision to install the SNCR violated the parties' Joint Ownership Participation and Operating Agreement (the "JOPOA"). (R. Doc. 1 at 4-9). In the second claim, Entergy sought the return of certain costs paid under protest regarding the cancellation of certain coal deliveries pursuant to the terms and conditions set forth in the JOPOA and a subsequent agreement. (R. Doc. 1 at 9-14).

On December 22, 2014, the district judge stayed the proceeding pending resolution of *Louisiana Generating LLC, et al. v. Illinois Union Insurance Co.*, Civil Action 10-cv-516 (M.D. La). (R. Doc. 19). The district judge lifted the stay on September 1, 2017. (R. Doc. 22).

On November 17, 2017, Entergy filed a First Supplemental and Amending Complaint, which asserts six claims for relief. (R. Doc. 45). The first claim seeks relief regarding the costs related to installation and operation of the SNCR. (R. Doc. 45 at 5-9). The second claim alleges that LaGen refused to reimburse Entergy with certain costs associated with the installation of pollution control equipment on Unit 3 of the Plant. (R. Doc. 45 at 9-14). The third claim seeks declaratory relief for alleged violation of certain audit provisions of the JOPOA and production of certain coal supply and transportation contracts. (R. Doc. 45 at 14-17). The fourth claim seeks relief regarding the cost of the cancellation of certain coal deliveries. (R. Doc. 45 at 17-21). The fifth claim asserts that in violation of an agreed-upon "Rail Car lease Methodology" (which is part of a 2005 BCII Unit 3 Audit of Costs Agreement) LaGen has overbilled Entergy for annual rail car costs for serving Unit 3 of the Plant where the actual rail car usage is less than the projected utilization rate. (R. Doc. 45 at 21-22). The sixth claim asserts that in light of the foregoing allegations, LaGen continues to be in default under the JOPOA. (R. Doc. 45 at 23-24).

The deadline to amend the pleadings expired on January 8, 2018. (R. Doc. 37). While the Court subsequently continued various deadlines, it did so only after the expiration of the foregoing deadline.

On January 22, 2018, the undersigned stayed discovery with respect to most allegations in the Amended Complaint. (R. Doc. 76). The district judge stayed all discovery on May 7, 2018 pending resolution of certain motions. (R. Doc. 115).

On October 1, 2018, the district judge lifted the stay of discovery in these proceedings. (R. Doc. 134).

On November 5, 2018, the district judge issued a ruling denying Plaintiff's Motion to Enforce December 13, 2002 Settlement Agreement, or Alternatively, Motion to Compel Production of Coal Supply and Transportation Contracts. (R. Doc. 137; *see* R. Doc. 142). In short, the district judge concluded that the December 13, 2002 Settlement Agreement specifically addressed Entergy's April 29, 2002 "Notice of Default of Obligations Under the JPOPOA" and did not apply to future audits by Entergy. The district judge also denied Plaintiff's Motion to Enforce November 19, 2014 Settlement Agreement. (R. Doc. 139) (sealed). In seeking to enforce the latter settlement agreement, Entergy represented that "LaGen agreed to reimburse Entergy for the costs that Entergy had paid for the installation of pollution control equipment at Big Cajun II, Unit 3 from the 'gross insurance proceeds' that LaGen received from its insurer [Illinois Union Insurance Company] in connection with the installation of the equipment" but LaGen refused to make the payment after receiving insurance proceeds. (R. Doc. 73 at 1). Entergy further acknowledged that when it sought enforcement of the settlement agreement January 19, 2018, Entergy also asserted that in violation of Section 6.4 of the JOPOA, Entergy was not an additional insured on LaGen's Premises Pollution Liability II Insurance Policy from Illinois Union Insurance Company that was in effect from 2009 to 2012 that provided coverage to Big Cajun II, Units 1, 2, and 3. (R. Doc. 73-1 at 4). Entergy did not, however, seek leave to add any claim in light of this assertion at the time the motion was filed.

On November 19, 2018, Entergy filed a Motion to Vacate Trial Date. (R. Doc. 140).

On November 20, 2018, Entergy filed the instant Motion for Leave of Court to File Second Supplemental and Amending Complaint. (R. Doc. 141).

On December 14, 2018, the Court granted Entergy's Motion to Vacate Trial Date, stating that it would provide new discovery and dispositive motion deadlines, as well as a new trial date and associated deadlines after resolution of the instant Motion. (R. Doc. 147). The Court did not, however, reinstate a stay of discovery.

Through the instant Motion, Entergy now seeks entry of a proposed pleading that "adds new claims for breach of contract, unjust enrichment and violations of Louisiana Unfair Trade Practices Act" and that entering the proposed pleading into the record "will not retard or delay the proceedings in this matter." (R. Doc. 141). Entergy did not file a memorandum in support of its motion or otherwise identify the specific proposed modifications to its pleading. It appears that Entergy is seeking to raise violations of the Louisiana Unfair Trade Practices Act ("LUTPA") in the context of its first claim for relief regarding the costs related to installation and operation of the SNCR by stating that LaGen "engaged in self-dealing, deceit, and unethical conduct in violation of its fiduciary and contractual obligations" and "unfair, immoral, and deceptive business practices," and by seeking recovery of treble damages. (R. Doc. 141-1 at 9).[1] Entergy is further seeking to allege that LaGen violated Section 6.4 of the JOPOA by failing to add Entergy as additional insureds on the insurance policy issued by Illinois Union Insurance Company, and that LaGen been "unjustly enriched" in light of the district judge's ruling that the November 19, 2014 Settlement Agreement is unenforceable. (R. Doc. 141-1 at 13-15). Entergy brings these new allegations in the context of its second claim for relief alleging that LaGen refused to reimburse Entergy with certain costs associated with the installation of pollution control equipment on Unit 3 of the Plant.

---

[1] Entergy does not actual reference LUPTA in the proposed pleading.

LaGen opposes the motion on the basis that the proposed pleading asserts new legal theories of recovery that could and should have been alleged earlier, the new legal theories are improper responses to the district judge's interlocutory rulings on Entergy's motions to enforce previous settlement agreements, and Entergy has not demonstrated good cause for modification of the expired deadline to amend. (R. Doc. 146).

In its reply, Entergy raises, for the first time, various arguments with respect to allowing amendment after the deadline to amend. (R. Doc. 150). Entergy focuses primarily on the lack of discovery that has been conducted in this action. Entergy also asserts that the district judge's ruling denying enforcement of the November 19, 2014 Settlement Agreement was "a significant change in the case" that led to the filing of the instant motion. (R. Doc. 150 at 5). Entergy argues that it should be allowed to raise the amended claims to provide it additional avenues of recovery against LaGen. (R. Doc. 150 at 6). Entergy further argues that any assertions that its unjust enrichment claims are futile should be addressed in a dispositive motion after amendment. (R. Doc. 150 at 6).

In its surreply, LaGen reiterates that Entergy has not established good cause to amend the pleadings after the deadline to do so, and that Entergy's arguments regarding the lack of discovery conducted are misplaced as LaGen has responded to discovery requests and discovery was not required for the purposes of identifying the new allegations. (R. Doc. 153).

## II. Law and Analysis

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to

show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *Id*. at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enter.*, 315 F.3d at 536.

Having considered the arguments of the parties, and the record as a whole, the Court does not find good cause to allow Entergy to amend the pleadings after the deadline to do so with respect to its proposed breach of contract and LUPTA violation claims.

The first factor weighs in favor of denying amendment. Entergy does not offer any reasonable explanation for its failure to timely move to amend to raise its proposed breach of contract and LUPTA violation claims. Entergy does not identify what information was not available to it at the time it commenced the instant action (over four years prior to the filing of the instant Motion) or at the time it first sought leave to amend (over two years prior to the filing of the instant Motion) that led to the untimely filing of the instant motion with respect to these proposed claims. The alleged deceptive business practice and unethical allegations underpinning Entergy's proposed LUPTA violation claims are not based on any new evidence obtained after the filing of this lawsuit. Similarly, Entergy was aware of its breach of contract claim (at the latest) when it moved for enforcement of the November 19, 2014 Settlement Agreement on

January 19, 2018. It clearly is only seeking to add that claim now in response to the ruling with respect to the settlement agreement. It provides no explanation why it did not seek to add its breach of contract claim earlier.

Instead of explaining its failure to timely move for leave to amend, Entergy suggests that the deadline to amend the pleadings was vacated in light of the Court's December 14, 2018 Order. (R. Doc. 150 at 1). To be clear, that Order did not vacate the deadline to amend the pleadings, which expired on January 8, 2018, nearly one year prior to the Order. Accordingly, Rule 16(b)(4) provides the appropriate threshold standard for determining whether to allow these untimely amendments.

Energy also seeks to add an unjust enrichment claim in light of the ruling with respect to the November 19, 2014 Settlement Agreement. Unlike Entergy's proposed claims for breach of contract and LUPTA violations, information obtained after the deadline to amend – the district judge's November 5, 2018 ruling – is the basis for this amendment. The Court finds this explanation for seeking to add an unjust enrichment claim to favor allowing the untimely amendment.

The second factor weighs somewhat in favor of allowing amendment because, if allowed, the amendment will provide additional avenues for recovery for Entergy. The importance of the breach of contract and LUPTA claims are undercut, however, by Entergy's failure to seek recovery under these theories prior to the deadline to amend or in a timely filed motion. Furthermore, given that the Court will allow Entergy to amend its pleading to add an unjust enrichment claim, Entergy will potentially have an alternative avenue for recovery given the unenforceability of the November 19, 2014 Settlement Agreement.

The third and fourth factors weigh in favor of denying amendment with respect to the proposed breach of contract and LUPTA claims. Entergy's primary arguments in support of a finding of good cause to allow untimely amendment hinge on these factors. Entergy argues that amendment should be allowed because "no discovery has taken place, and there is currently no scheduling order, pre-trial deadline or trial date." (R. Doc. 150 at 4). These arguments are unavailing. Foremost, there can be no dispute that some discovery has been conducted in this action, as evidenced by the discovery requests and responses attached to Entergy's reply memorandum. (*See* R. Doc. 150-1 through 150-5). While discovery is not currently stayed in this action, the Court is aware that the parties may have slowed their engagement in the discovery process pending ruling on the instant Motion. Allowing Entergy to amend its pleadings to add its breach of contract and LUPTA violation claims would further slow the progress in this action, which has been pending over five years.[2] Furthermore, the trial date and existing pretrial deadlines were vacated on Entergy's motion, and in light of the need to resolve Entergy's dispositive motions and the instant motion.

Having weighed the foregoing factors, the Court does not find good cause to allow untimely amendment for Entergy to assert its breach of contract and LUPTA violation claims. The Court does, however, find good cause for allowing Entergy to amend to assert its unjust enrichment claim after the deadline to do so. Accordingly, the Court will consider the less liberal standards of Rule 15 with respect to this proposed claim.

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule

---

[2] In contrast, allowing Entergy to assert a claim for unjust enrichment will likely not require significant discovery and will not slow the progress of this action.

"evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

The Court finds no basis for denying amendment to assert an "unjust enrichment" claim based upon undue delay, bad faith, or undue prejudice. LaGen primarily argues that this claim should not be allowed because it is an improper reaction to an unfavorable interlocutory ruling and is otherwise futile. (R. Doc. 146 at 12-15). These few pages of briefing, which do not cite governing law, are insufficient for a determination of whether Entergy is entitled to any recovery for unjust enrichment in light of the district judge's ruling regarding the unenforceability of the November 19, 2014 Settlement Agreement. The Court finds it appropriate to allow Entergy to

9

amend its pleadings to assert this claim under Rule 15(a)(2). Whether Entergy can succeed on its unjust enrichment claim is best determined in the context of resolving an appropriately briefed dispositive motion.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for Leave of Court to File Second Supplemental and Amending Complaint (R. Doc. 141) **GRANTED IN PART and DENIED IN PART**. Within **7 days** of the date of this Order, Entergy must file into the record a Second Supplemental and Amending Complaint removing all allegations made in support of the proposed breach of contract and LUPTA violation claims, including, but not limited to, the allegations regarding those proposed claims found in Paragraphs 37-39 and 62-66 of the proposed Second Supplemental and Amending Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Set Status Conference (R. Doc. 154) is **GRANTED**. Within **14 days** of the docketing of this Order, the parties shall submit a Joint Status Report outlining the status of discovery and proposing new deadlines for those non-expired deadlines vacated by the December 14, 2018 Order. A telephone status conference is set before the undersigned on August 16, 2019 at 9:30am. Plaintiff's counsel shall initiate the call to chambers at (225) 389-3602.

Signed in Baton Rouge, Louisiana, on July 15, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**