UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ENTERGY GULF STATES LOUISIANA,
L.L.C. AND ENTERGY TEXAS, INC.                             CIVIL ACTION

VERSUS                                                     14-385-SDD-RLB

LOUISIANA GENERATING, L.L.C.

## RULING

This matter is before the Court on the *Motion to Dismiss Unjust Enrichment Claim, or Alternative Motion for Partial Summary Judgment*[1] filed by Defendant, Louisiana Generating, L.L.C. ("LaGen"). Plaintiffs, Entergy Gulf States Louisiana, L.L.C. and Entergy Texas, Inc. ("Entergy") have filed an *Opposition*,[2] to which LaGen filed a *Reply*.[3] For the following reasons, the Court finds that the *Motion* shall be GRANTED.

### I.   BACKGROUND

LaGen and Entergy co-own Unit 3 of the Big Cajun II power plant in New Roads, Louisiana.[4] Their co-ownership is governed by a contract: the Joint Ownership Participation and Operating Agreement ("JOPOA"). Entergy brought this suit in 2014, alleging breach of certain provisions of the JOPOA and seeking, *inter alia*, recovery of costs it paid in connection with the installation of a pollution control device on Unit 3 at Big Cajun II. On October 26, 2017, three years after filing suit, Entergy sought leave to file an amended complaint.[5] That leave was granted, and Entergy's *First Supplemental*

---

[1] Rec. Doc. No. 160.
[2] Rec. Doc. No. 164.
[3] Rec. Doc. No. 175.
[4] Rec. Doc. No. 158, ¶ 8-11.
[5] Rec. Doc. No. 30.
59211

*and Amending Complaint*[6] added various new claims. Later, on November 20, 2018, Entergy sought leave to file a *Second Supplemental and Amending Complaint*. That leave was granted in part and denied in part; this Court did not permit Entergy to add its proposed breach of contract and LUTPA claims, finding that there was no good cause for such untimely amendments.[7] But, as to the proposed unjust enrichment claim, this Court granted leave to amend, on the basis that "[w]hether Entergy can succeed on its unjust enrichment claim is best determined in the context of resolving an appropriately briefed dispositive motion."[8]

LaGen responded by filing the instant motion, arguing that Entergy's unjust enrichment claim should be dismissed because, under Louisiana law, such a claim "is only viable in equity if no remedy exists at law."[9] In LaGen's view, Entergy had a remedy – the breach of contract claim which this Court found untimely. The fact that the breach of contract claim is not actually part of this lawsuit is of no moment, LaGen contends, because the law does not require that Entergy will *prevail* on its "other" remedy in order for that remedy to preclude an unjust enrichment claim; unjust enrichment is precluded as long as "a legal remedy at law was *available*."[10]

Entergy rejects LaGen's interpretation of the unjust enrichment doctrine. Per Entergy, the mere availability of another remedy does not bar an unjust enrichment claim because it "cannot plead a remedy into existence."[11] The relevant question, Entergy

---

[6] Rec. Doc. No. 45.
[7] Rec. Doc. No. 155, p. 8.
[8] *Id.* at p. 10.
[9] Rec. Doc. No. 160, p. 1.
[10] Rec. Doc. No. 175 p. 4 (emphasis added).
[11] Rec. Doc. No. 164, p. 7.

59211

contends, is whether the breach of contract claim *actually* provided a remedy for its loss. Entergy urges the Court to deny LaGen's motion to dismiss because "the Court is not in a position to adjudicate"[12] the merits of the breach of contract claim because doing so would involve factual disputes not appropriate for resolution on the face of the pleadings. Additionally, Entergy argues that its unjust enrichment claim was simply pled "in the alternative" and points to a handful of cases where federal courts allowed unjust enrichment to be pled in that alternative despite the existence of other remedies.

The Court will address the parties' arguments in turn.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss under 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[13] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[14] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[15] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

---

[12] Rec. Doc. No. 164, p. 8.
[13] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[14] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[15] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
59211

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[16]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[19]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[20]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[21]

    B. <u>Unjust Enrichment Claims Under Louisiana Law</u>

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[22]  Because "a federal court sitting in diversity applies the substantive law of the forum state,"[23] the substantive law of the state of Louisiana applies. Louisiana Civil Code Article 2298 sets forth the doctrine of unjust enrichment as follows:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person . . . The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

---

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[18] *Twombly*, 550 U.S. at 570.
[19] *Iqbal*, 556 U.S. at 678.
[20] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[21] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[22] Rec. Doc. No. 1, p. 2, ¶ 3-5.
[23] *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013).
59211

The Louisiana Supreme Court has articulated five elements necessary to support a claim for unjust enrichment: "enrichment on the part of the defendant; impoverishment on the part of plaintiff; [a] casual relationship between the enrichment received by the defendant and the plaintiff's impoverishment; and a lack of other remedy at law."[24] The fifth element – a lack of other remedy at law – is the subject of the instant motion.

C. <u>Analysis</u>

It is true, as Entergy insists, that there is a line of cases from federal district courts in Louisiana which hold that, because Federal Rule of Civil Procedure 8 allows for alternative pleading, an unjust enrichment claim can be pled alongside other claims.[25] However, the cases cited by Entergy for that proposition have something in common – they all predate highly relevant rulings on the topic from the Louisiana Supreme Court and the United States Court of Appeals for the Fifth Circuit. The cases cited by Entergy in support of its alternative pleading argument may "make good sense,"[26] as Entergy contends, but, post-*Walters* and *Ferrara*, they do not control.

In *Walters*, the Louisiana Supreme Court considered whether a claim for unjust enrichment could be pled alongside a tort claim arising out of the same conduct. It clearly held that it could not. "Having pled a delictual action, we find plaintiff is precluded from seeking to recover under unjust enrichment,"[27] the court stated, explaining that "[t]he unjust enrichment remedy is 'only applicable to fill a gap in the law where no express

---

[24] *Carriere v. Bank of Louisiana*, 95-3058 (La. 12/13/96), 702 So. 2d 648, 658, *on reh'g* (Nov. 3, 1997).
[25] *McCullum v. McAlister's Corp. of Mississippi*, No. CIVA 08-5050 S3, 2010 WL 1489907 (E.D. La. Apr. 13, 2010); *Orx Res., Inc. v. Autra*, No. CIV.A. 09-4451, 2009 WL 3447256 (E.D. La. Oct. 20, 2009); *Univ. Rehab. Hosp., Inc. v. Int'l Coop. Consultants, Inc.,* No. CIVA 05-1827, 2006 WL 2983050 (W.D. La. Oct. 16, 2006); *Mayer v. Lamarque Ford, Inc.,* No. CIV. A. 00-1325, 2001 WL 175232 (E.D. La. Feb. 16, 2001).
[26] Rec. Doc. No. 164, p. 7.
[27] *Walters v. MedSouth Record Mgmt., L.L.C.*, 2010-0352 (La. 6/4/10), 38 So. 3d 241, 242.
59211

remedy is provided.'"[28] Although the holding in *Walters* addressed the simultaneous pleading of a tort claim and an unjust enrichment claim, not, as here, a breach of contract claim, this Court finds that nothing in the *Walters* court's reasoning suggests that the holding should be construed as applying only to that exact combination of claims. The *Walters* court explicitly stated that unjust enrichment was precluded "[b]ecause the law provided plaintiff with another remedy."[29] The parties in the instant case do not dispute that the law provided Entergy with another remedy, namely, its breach of contract claim.

It should be noted that a different section of this Court has previously concluded to the contrary, finding that the *Walters* holding precludes recovery only where a *tort* claim coexists with a claim for unjust enrichment. In the 2011 case *Property One, Inc. v. USAgencies, L.L.C., et al*,[30] Judge Brady allowed the plaintiff to plead an unjust enrichment claim in the alternative because he found that *Walters* "only barred unjust enrichment claims from being plead alongside *tort* claims."[31] This Court notes the holding in *Property One* without adopting it. Not only is *Property One* apparently an outlier among cases on the subject, the issue of whether the *Walters* principle applies to breach of contract as well as tort has since been addressed by the Fifth Circuit in *Ferrara* (discussed below).

Entergy disagrees that the mere *existence* of that claim is enough to preclude recovery under unjust enrichment when this Court held it to be untimely. *Walters* forecloses that argument directly. The court found it to be "of no moment that plaintiff's

---

[28] *Id.* quoting *Mouton v. State,* 525 So. 2d 1136, 1142 (La. App. 1st Cir.1988), *writ denied,* 526 So.2d 1112 (La.1988).
[29] *Id.*
[30] 830 F. Supp. 2d 170 (M.D. La. 2011).
[31] *Id.* at 175.
59211

tort claims have been held to be prescribed. The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment."[32] This Court echoed that principle in the post-*Walters* case *Tribute Real Estate, LLC v. United Artist Theater Circuit*.[33] Granting the plaintiff's motion to dismiss the defendant's unjust enrichment counterclaim, this Court wrote:

> As expressed by [a Louisiana state appeals court], 'it is not the success or failure of other causes of action, but rather the existence of other causes of action, that determine whether unjust enrichment can be applied.' The court finds that [the] unjust enrichment claim should be dismissed, as the remedy [the defendant] seeks is available, if at all, pursuant to the lease agreement between the parties.[34]

Moreover, the Fifth Circuit has since reinforced the *Walters* rationale, explaining that where a plaintiff attempts to recover under both unjust enrichment *and* breach of contract, "Louisiana law is clear on this point"[35] – it cannot be done. In *Ferrara*, the plaintiff, a manufacturer of firefighting equipment, brought a claim for breach of contract and a claim for unjust enrichment after the defendant, which had an exclusive contract to sell Ferrara's telescoping boom called the "Strong Arm," terminated that contract and began selling the Strong Arm to other companies. The defendant filed a motion for judgment as a matter of law, arguing that, under Louisiana law, the availability of the contract claim clearly precluded the unjust enrichment claim. On appeal, the Fifth Circuit reasoned as follows:

> both parties agree that Ferrara is not entitled to unjust enrichment damages for the period of time during which its contract with [the defendant] was still

---

[32] *Walters*, 38 So.3d at 242.
[33] 2011 WL 663137 (M.D. La. Feb. 14, 2011).
[34] *Id.* at *2 (citing *Garber v. Badon & Ranier*, 981 So. 2d 92, 100 (La. App. 3d. Cir. 2008).
[35] *Ferrara Fire Apparatus, Inc. v. JLG Indus. Inc.,* 581 Fed. Appx. 440, 443 (5th Cir. 2014).
59211

in effect. Louisiana law is clear on this point. Under Louisiana Civil Code article 2298, a person who has been enriched without cause at the expense of another person is bound to compensate that person. But, the remedy [provided for in 2298] is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule. The important question is whether another remedy is available, not whether the party seeking a remedy will be successful. Thus, because Ferrara *could have brought* a claim for breach of contract for any damages it incurred during the time the contract was still in effect, Ferrara cannot maintain a cause of action for unjust enrichment during that time.[36]

*Ferrara* counsels that "the important question is whether another remedy is available, not whether the party seeking a remedy will be successful,"[37] foreclosing Entergy's argument that LaGen must prove that "the contract actually provided a remedy for Entergy's loss"[38] in order to show that the breach of contract claim was really viable. The potential failure or success of the breach of contract claim is, as the Louisiana Supreme Court put it in *Walters*, "of no moment" here, especially because, in light of the denial of leave to amend, the breach of contract claim is not even part of this action. Louisiana courts and federal courts applying Louisiana law have clearly held that if another remedy exists, there is no "gap" in the law and unjust enrichment is not a viable claim, regardless of the plaintiff's likelihood of success on the merits of that "other" remedy. Accordingly, LaGen's *Motion to Dismiss* shall be granted and Entergy's unjust enrichment claim dismissed with prejudice. Because this motion was resolved at the motion to dismiss stage, the Court does not reach the alternative *Motion for Partial Summary Judgment* also urged by LaGen herein.

---

[36] *Id.* at 443-444 (emphasis added).
[37] *Id.*
[38] Rec. Doc. No. 164, p. 8.
59211

### III. CONCLUSION

For the reasons set forth above, LaGen's *Motion to Dismiss Unjust Enrichment Claim, or Alternative Motion for Partial Summary Judgment*[39] is hereby GRANTED, and Entergy's unjust enrichment claim is dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 27, 2020.

*Shelly D. Dick*
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[39] Rec. Doc. No. 160.

59211