UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ENTERGY GULF STATES LOUISIANA,**            **CIVIL ACTION**
**L.L.C. AND ENTERGY TEXAS, INC.**

**VERSUS**            **NO. 14-385-SDD-RLB**

**LOUISIANA GENERATING, L.L.C.**

## ORDER

Before the Court is Louisiana Generating, L.L.C.'s ("LaGen") Motion to Adopt Electronically Stored Information Protocol. (R. Doc. 183). NRG Energy, Inc. ("NRG") filed a Memorandum in Support. (R. Doc. 189). Entergy Gulf States Louisiana, LLC, and Entergy Texas, Inc.'s (collectively, "Entergy") filed a Limited Opposition. (R. Doc. 192). LaGen filed a Reply. (R. Doc. 195).

The instant dispute concerns the parties' impasse with respect to the entry of a protocol governing the collection and production of documents and electronically stored information ("ESI").

On February 4, 2019, LaGen provided Entergy with a proposed ESI protocol. (R. Doc. 183-4). The next day, Entergy questioned the need for a formal ESI protocol, requested a telephone conference to discuss the need for such a protocol, and offered suggestions for revisions to the protocol. (R. Doc. 183-5). In its proposed revisions at the time, Entergy largely accepted LaGen's versions of Section II(A) ("Collection of Documents Without the Use of Search Terms") and Section II(B) ("Collection of Documents With the Use of Search Terms, Generally"). (*See* R. Doc. 183-5 at 5-7). It is unclear whether counsel held a telephone conference discussing the ESI Protocol in response to this particular request. The next

communication in the record with respect to this issue appears to have been made over five months later. (R. Doc. 183-6 at 1).

On July 16, 2019, Entergy's counsel sent LaGen's counsel an email with an attached document listing 76 proposed "search terms" and 10 proposed custodians. (R. Doc. 183-6). Entergy's counsel requested updates on LaGen's responses to outstanding discovery requests, and LaGen's counsel provided that LaGen had engaged an ESI vendor and was working on suggested search terms and protocols. (R. Docs. 183-7, 183-8, 183-9). Counsel for the parties then exchanged their proposed modifications to the ESI Protocol. (R. Docs. 183-10, 183-11, 183-12, 183-13, 183-14). Entergy's final set of suggested modifications removed many of the details in Section II(A) and essentially the entirety of Section II(B) of the ESI Protocol.

LaGen represents that the parties held a telephone conference to discuss the ESI Protocol on October 11, 2019, "but ultimately negotiations completely broke down, ending with [Entergy's counsel] stating that he expects LaGen to make a good faith search and production, he does not think an ESI Protocol is necessary, and he will not agree to enter into any protocol." (R. Doc. 183-1 at 4).

LaGen now seeks an order requiring the parties to abide by LaGen's version of the ESI Protocol. LaGen argues that Entergy failed its duties under Rule 26(f) by unreasonably abandoning the parties' negotiations regarding ESI discovery. NRG, LaGen's former parent company through an intermediate owner, supports the entry of LaGen's ESI Protocol, stating that it intends to follow the ESI Protocol in its own productions. (R. Doc. 189). In its "limited" opposition, Entergy argues that it opposes the language of the ESI Protocol to the extent it requires the parties to confer on the categories of documents that fall under the definition of "Direct Collection Documents" (documents and ESI to be collected and reviewed for potential

2

production without the application of search terms), the timeframe for the production of Direct Collection Documents, and the protocol's approach with respect to the location and collection of additional documents and ESI pursuant to search terms. (R. Doc. 192).

The Court has reviewed the arguments of the parties and their respective versions of the ESI Protocol. As a preliminary issue, the Court will not grant the relief sought solely on the basis that Entergy has refused to negotiate the terms of the protocol in good faith under Rule 26(f) of the Federal Rules of Civil Procedure. The record indicates that Entergy engaged in good faith negotiations with respect to LaGen's proposed ESI Protocol and, ultimately, disagreed with many of the requirements sought by LaGen. Given the parties' disagreements regarding how the collection and production of responsive documents and ESI should proceed, however, the Court will provide the parties guidance on the development of a functioning ESI Protocol.

As a preliminarily issue, Entergy suggests that its only remaining disputes with respect to the ESI Protocol are those found in Section II(A) and Section II(B). A review of the parties' respective versions of the ESI Protocol indicates, however, that certain disputes with respect to the format of document production and other specific terms within the ESI Protocol may remain. The parties are to meet-and-confer with respect to any additional disputes with respect to language in the ESI Protocol that is not specifically discussed in this Order. This Order in no way adopts in whole the ESI Protocol as proposed by LaGen.

The parties' dispute with respect to Section II(A) concerns both the collection and production of what the proposed ESI Protocol calls as "Direct Collection Documents," which are defined by the ESI Protocol to consist of documents and ESI to be collected and reviewed for potential production without the use of search terms. LaGen's proposed Section II(A) contemplates a process by which the parties would confer in good faith with respect to the

identification and collection of Direct Collection Documents. The parties' continued discovery disputes in this litigation highlights the need for the parties to meet and confer on a regular basis with respect to ESI collection and productions. Entergy's suggestion that conferences between the parties would be meaningless because each party is in the best position to identify its own responsive documents misses the point. By conferring in good faith with the responding party, the requesting party will be put in a better position to identify the best methodologies for obtaining the information it seeks.

LaGen's proposed version of Section II(A) requires the production of "responsive non-privileged Direct Collection Documents as soon as practical, and on a rolling basis if necessary" after the execution of the ESI Protocol and a protective order governing the exchange of confidential information. (R. Doc. 183-4 at 4). The actual time frame for the production of Direct Collection Documents should be discussed between the parties with respect to the specific document requests. While the Court will not require the production of any "Direct Collection Documents" within a specific timeframe, it will require the parties to detail their efforts to locate "Direct Collection Documents" in response to discovery requests thus far in the litigation process. Future productions of Direct Collection Documents responsive to document requests must be provided in a reasonable time as specified in the discovery response or, with respect to supplemental productions, in a timely manner after it is learned that responsive hard copy documents have not been produced. *See* Fed. R. Civ. P. 34(b)(2); 26(e)(1).

The Court also finds the adoption of LaGen's version of Section II(B) to be appropriate. Entergy proposes to simply delete LaGen's proposed seven-step procedure for conducting ESI searches and productions.[1] This would leave in place a general agreement that the parties "will

---

[1] The procedures include (1) identification of custodians and document sources, (2) identification of search terms, (3) identification of search protocols, (4) application of agreed search terms, (5) resolution of disputed terms,

4

cooperate in good faith regarding the identification, disclosure, and determination of appropriate search terms, custodians, categories of ESI to be collected and reviewed for potential production, and potentially relevant noncustodial sources and methodologies in advance of any ESI search or production." (R. Doc. 183-4 at 5).  While many parties could proceed with discovery under this general framework, it is clear that the parties in this action need a more detailed protocol in place.  In the absence of any alternative detailed proposal by Entergy, the Court finds LaGen's proposed language appropriate and the parties shall work within that framework.

The parties' past behavior highlights the need for entry of the foregoing detailed procedures with respect to ESI searches and collections.  For example, Entergy provided LaGen with a list of broad search terms (which included stand-alone terms such as "audit," "CD," "confidential," and "inspect") without any discussion of ESI search and retrieval methodologies, including whether and to what extent Boolean proximity operators should be used, and strategies for reducing the amount of duplicative, non-responsive, and/or privileged information obtained by the ESI search. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 260 (D. Md. 2008) ("While keyword searches have long been recognized as appropriate and helpful for ESI search and retrieval, there are well-known limitations and risks associated with them, and proper selection and implementation obviously involves technical, if not scientific knowledge.").  LaGen appears to have simply ignored this list without proposing any workable search term solutions.  The parties in this action simply need in place a detailed protocol governing ESI discovery to avoid further delays in the discovery process.

Given the amount of the time the parties have spent in negotiating protocols for conducting discovery (as opposed to acting toward implementation of those protocols), the Court

---

custodians, or document sources, (6) additional search terms or custodians, and (7) continuing obligations. (R. Doc. 183-4 at 6-8).

further acknowledges that it must more actively govern the parties' activities in the discovery process, particularly with respect to the collection and production of ESI. Accordingly, the Court will require the parties to submit periodic status reports with respect to the execution of the ESI Protocol and discovery in general. The Court will also set telephone conferences with the parties to discuss the status of discovery as needed based upon the information presented in the joint status reports.

**IT IS ORDERED** that LaGen's Motion to Adopt Electronically Stored Information Protocol (R. Doc. 183) is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that counsel for the parties shall meet-and-confer by telephone within **7 days** of the date of this Order, or as otherwise agreed upon by the parties, to discuss the execution of an ESI Protocol consistent with the terms of this Order.[2] In the meantime, LaGen should make arrangements to run search terms for responsive ESI as soon as possible, included disputed terms if so ordered.

**IT IS FURTHER ORDERED** that the parties[3] shall submit a Joint Status Report detailing the status of the execution of an ESI Protocol, as well as discovery in general, on or before **May 20, 2020.** Separate filings are not permitted. LaGen shall be responsible for filing the status report with input from Entergy regarding its contents. Disagreements may be noted in the single filing. The status report shall include details with respect to the parties' efforts, if any, to locate and collect documents and ESI in the absence of an ESI Protocol. The Joint Status Report shall be filed. The Court may set appropriate status conferences during this time to provide

---

[2] NRG may join these conferences if beneficial to the parties.
[3] By separate order, the Court is requiring NRG to likewise participate in the submission of these Joint Status Reports.

further guidance. The parties shall then submit an updated status report on or before **June 2, 2020** and a third status report on or before **June 15, 2020**.

**IT IS FURTHER ORDERED** that a telephone conference is set for **Wednesday, June 17, 2020 at 10:00AM** to discuss the status of this matter.  Counsel for plaintiff shall make appropriate arrangements to facilitate the conference and initiate the call to chambers.

Signed in Baton Rouge, Louisiana, on May 5, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**