UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ENTERGY GULF STATES LOUISIANA,**          **CIVIL ACTION**
**L.L.C. AND ENTERGY TEXAS, INC.**

**VERSUS**          **NO. 14-385-SDD-RLB**

**LOUISIANA GENERATING, L.L.C.**

## ORDER

Before the Court is Entergy Gulf States Louisiana, LLC, and Entergy Texas, Inc.'s (collectively, "Entergy") Motion to Compel NRG Energy, Inc. ("NRG"). (R. Doc. 196). The motion is opposed. (R. Doc. 199).

The relevant procedural history in this action has been detailed in previous orders. (R. Docs. 225, 226).

This discovery dispute concerns a Rule 45 subpoena served by Entergy on NRG, the former owner (through an intermediate entity) of Louisiana Generating, LLC ("LaGen"), on November 13, 2017. (R. Doc. 196). The subpoena sought 36 categories of documents. (R. Doc. 196-4). Entergy represents that for two years "NRG has repeatedly assured Entergy that it was reviewing its files and would be producing documents shortly." (R. Doc. 196-1 at 1). On September 3, 2019, Entergy narrowed the scope of topics sought following several rulings by the Court. (R. Doc. 196-1 at 1). On September 25, 2019, NRG provided a supplemental response to the subpoena as revised by Entergy. (R. Doc. 199-6).

Through the instant motion, Entergy seeks an order requiring NRG to respond in full to Topic Nos. 1, 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 22, 25, 26, 27, 28, 29, 31, 32, 33, 34, and 36. In support of its motion, Entergy generally argues that the information it seeks falls within the scope of discovery without addressing any of the specific requests. In opposition, NRG argues

that the motion should be denied because Topic No. 1 is the subject to other orders and/or motions, Topic No. 2 has been fully responded to, and the remaining Topics are, among other things, duplicative of requests for production served on LaGen and/or seek information that should be provided only after the entry of a governing ESI Protocol between the parties.

Rule 45 provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

There is no particular dispute with respect to whether the information sought falls within the scope of discovery as defined by Rule 26.  Having considered the arguments presented, the Court will deny the relief sought with respect to Topic Nos. 1 and 10 for the specific reasons provided below.  With respect to the remaining Topics, the Court will deny the relief sought, at this time, without prejudice to the refiling of an appropriate motion to compel, if necessary, after the execution of an ESI Protocol and an opportunity for the parties to discuss the collection and production of non-privileged responsive documents and ESI.

Topic No. 1 seeks the production of various coal and transportation contracts.  The Court originally found the information sought in Topic 1 to be irrelevant with respect to a similar document request served on LaGen. (R. Doc. 142).  In response to a more narrowly focused motions to compel filed by Entergy, the Court has recently ordered NRG to produce a copy of the Buckskin Mining Company's coal supply and transportation contract and, to the extent it has any other coal and transportation contracts in its possession, custody, or control, to identify the number of such contracts and to produce a copy of any confidentiality provisions. (R. Doc. 225). In light of the foregoing, Entergy's motion is moot with respect to Request Item No. 1 in the subpoena and will be denied on that basis.

Topic No. 10, as modified by Entergy, seeks the production of documents reflecting whether certain railcars were used solely and exclusively to serve Big Cajun II for the calendar year 2012.  NRG has responded that "[n]o such documents exist because no railcars were dedicated solely to Big Cajun II." (R. Doc. 199 at 5).  This is a definitive and clear response.  No further response is required.

In response to Topic Nos. 2, 3, 7, 8, 9, 11, 12, 13, 14, 22, 25, 26, 27, 28, 29, 31, 32, 33, 34, 35, and 36, NRG stated that it "will attempt to locate documents that may be responsive" to the requests "and will make any such non-objectionable documents available to Entergy at a mutually agreed upon place and time upon payment by Entergy of reasonable production costs and upon entry of a mutually agreed upon protective order so NRG may designate any commercially sensitive or private documents as confidential and may obtain reasonable protection against unfettered disclosure of documents produced." (*See generally* R. Doc. 196-6).

NRG represents that most of the information sought within these requests (as with Topic No. 1) are duplicative of requests for production served on LaGen. (R. Doc. 199 at 2).  NRG argues that it would be most efficient if its productions were coordinated with NRG after the execution of a governing ESI Protocol by LaGen and Entergy, which NRG intends to follow.  NRG also represents that it is using the same external consultants as LaGen and, where applicable, the same internal staff, with respect to its document collection and productions.

The Court agrees that coordination of NRG and LaGen's productions will be most the efficient method for locating, collecting, and producing responsive documents.  In resolving LaGen's motion for entry of an ESI Protocol, the Court has ordered LaGen and Entergy to meet-and-confer with respect to the execution of a final ESI Protocol. (R. Doc. 226).  NRG's opposition includes a chart detailing which document requests overlap and the scope of various

searches that it has conducted to locate responsive information. (R. Doc. 199-2).[1]  Given this document, it appears that NRG is working in good faith to locate and collect responsive documents and ESI.

NRG's responses also raise the issue of confidentiality and payment of production costs. The Court has issued appropriate protective orders governing the exchange of confidential information in this action. (R. Docs. 126, 127; *see* R. Doc. 179).[2]  The parties do not address costs in the context of the instant motion.

Given the foregoing, the Court will not compel NRG to produce any documents at this time.  The parties are to confer with NRG with respect to the production of documents and ESI that overlaps between requests for production served on LaGen and the topics in the subpoena served on NRG.  NRG will be subject to the same requirements as the parties with respect to the submission of periodic status reports and, if needed, telephone conferences. (*See* R. Doc. 226).

**IT IS ORDERED** that Entergy's Motion to Compel NRG (R. Doc. 196) is **DENIED** without prejudice to refiling to the extent allowed by this Order.

Signed in Baton Rouge, Louisiana, on May 5, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This document will assist the parties in this litigation with the necessary ESI productions in this action.
[2] *See also Louisiana Generating LLC et al v. Illinois Union Insurance Company*, Civil Action No. 10-516, ECF No. 438 (MD. La. Feb. 27, 2020).