UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENTERGY GULF STATES LOUISIANA, L.L.C. AND ENTERGY TEXAS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-385-SDD-RLB** |
| **LOUISIANA GENERATING, L.L.C.** | |

## ORDER

Before the Court is Entergy Gulf States Louisiana, LLC, and Entergy Texas, Inc.'s (collectively, "Entergy") Motion to Compel Louisiana Generating, L.L.C. ("LaGen") and NRG Energy, Inc. ("NRG")[1] ("Motion to Compel"). (R. Doc. 320). The motion is opposed. (R. Doc. 336). Entergy filed a Reply. (R. Doc. 344).

**I.     Background**

The instant action concerns Entergy's claims for recovery of costs in accordance with the terms and conditions of a Joint Ownership Participation and Operating Agreement (the "JOPOA"). (R. Doc. 158). Among other things, Entergy seeks recovery of costs related to the installation and operation of a Selective Non-Catalytic Reduction device ("SNCR") on Unit 3 of the Big Cajun II Power Plant (the "Plant"), which Entergy co-owns with LaGen.

The Second Supplemental and Amending Complaint asserts six claims for relief. (R. Doc. 158). The first claim seeks relief regarding the costs related to installation and operation of the SNCR. (R. Doc. 158 at 5-9). The second claim alleges that LaGen refused to reimburse Entergy with certain costs associated with the installation of pollution control equipment on Unit

---

[1] NRG is "the former owner (through an intermediate entity) of Louisiana Generating, LLC. . . ." (R. Doc. 180 at 1).

3 of the Big Cajun II power plant. (R. Doc. 158 at 9-14).[2] The third claim seeks a declaration that Entergy is entitled to certain coal supply and transportation contracts under Section 7.2 and 7.4 of the parties' Joint Ownership Participation and Operating Agreement (the "JOPOA") and a December 13, 2002 Settlement Agreement. (R. Doc. 158 at 14-17). The fourth claim seeks relief regarding the cost of the cancellation of certain coal deliveries, including access to certain coal contracts under Section 7.0 of the JOPOA and a subsequent February 2007 Agreement. (R. Doc. 158 at 18-20). More specifically, the fourth claim alleges that in August of 2012, Entergy paid an invoice in the amount of $168,615 in protest, as prescribed by the JOPOA, for the cancellation of coal contracts with Buckskin Mining Company. (R. Doc. 158 at 19). The fifth claim asserts that in violation of an agreed-upon "Rail Car Lease Methodology" (which is part of a 2005 BCII Unit 3 Audit of Costs Agreement) LaGen has overbilled Entergy for annual rail car costs for serving Unit 3 of Big Cajun II where the actual rail car usage is less than the projected utilization rate. (R. Doc. 158 at 20-22). The sixth claim asserts that in light of the foregoing allegations, LaGen continues to be in default under Section 9 of the JOPOA. (R. Doc. 158 at 22-24).

The court has entered into the record a Protective Order governing the exchange of confidential information in this action. (R. Docs. 126, 127, 179, 333).

On January 4, 2021, Entergy filed the instant Motion to Compel. (R. Doc. 320). Entergy seeks an order compelling production of "(1) LaGen and/or NRG's communications to any party and/or counterparty to the coal supply and transportation contracts requesting permission pursuant to Section 7.2 of the Joint Ownership Participation and Operating Agreement (JOPOA) to share the contracts with Entergy's auditors under appropriate confidentiality agreements; and

---

[2] The Second Supplemental and Amending Complaint added "unjust enrichment" as a theory of recovery for its second claim. (R. Doc. 158 at 13-14). The district judge dismissed Entergy's unjust enrichment claim. (R. Doc. 201).

2

(2) information pertaining to the value derived by LaGen from the sale of its share of the electrical output from Unit 3 during LaGen's period of default, which is necessary for Entergy to calculate its default damages under Article 9 of the JOPOA." (R. Doc. 320-1 at 1). With respect to the first issue, Entergy seeks complete responses to Entergy's Requests for Production Nos. 17, and 29 of Entergy's first set of discovery directed to LaGen, and Entergy's Subpoena Request No. 2 directed to NRG. (R. Doc. 320-1 at 5-7). With respect to the second issue, Entergy seeks complete responses to Entergy's Interrogatory No. 1 and Requests for Production Nos. 2 and 5 of Entergy's second set of discovery directed to LaGen. (R. Doc. 320-1 at 8-10).

  In response, LaGen and NRG argue that Entergy has not made a showing of relevance or proportionately with respect to communications with parties to coal supply and transportation contracts. (R. Doc. 336 at 4-13). LaGen and NRG argue that Section 7.2 of the JOPOA does not require LaGen to inform Entergy of any requests made for disclosure of the coal supply and transportation contracts. (R. Doc. 336 at 8-10). LaGen and NRG further argue that because the Court has held that Entergy is not generally entitled to obtain the coal supply and transportation agreements in discovery, Entergy should similarly not be entitled to obtain communications with the parties to those contracts. (R. Doc. 336 at 10-13). Nevertheless, LaGen and NRG state they will produce non-privileged responsive documents subject to their objections. (R. Doc. 336 at 13-14). With respect to Entergy's discovery into default damages, LaGen and NRG argue, among other things, that the discovery on this issue should be deferred until a ruling is issued on their motion for partial summary judgment on Entergy's sixth claim. (R. Doc. 336 at 14-22; *see* R. Doc. 202).

  In reply, Entergy argues that the information sought with respect to communications with parties to coal supply and transportation contracts falls within the scope of discovery in light of Entergy's third claim, which seeks recovery for breach of Section 7.2 of the JOPOA. (R. Doc.

3

344 at 3-5). Entergy also argues, among other things, that the discovery sought with respect to default damages is not premature because LaGen's motion for partial summary judgment has not been ruled on and discovery is not stayed. (R. Doc. 344 at 6-9).

On February 23, 2021, the district judge granted LaGen's motion for partial summary judgment and dismissed Entergy's sixth claim. (R. Doc. 346).

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific

demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

A party must respond or object to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Rule 45 provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

B.   Analysis

1.   **Communications Regarding Coal Supply and Transportation Contracts**

Entergy's Request for Production No. 17 and Subpoena Request No. 2 seek LaGen and/or NRG's communications to any party and/or counterparty to the coal supply and transportation contracts requesting permission pursuant to Section 7.2 of the JOPOA to share the contracts with Entergy's auditors under appropriate confidentiality agreements:

>**Request for Production No. 17**
>Please produce all communications by or on behalf of LaGen and any counterparty to a coal supply and/or transportation contract in which LaGen requested consent to provide the coal supply and/or transportation contract to Entergy.
>
>**Subpoena Request No. 2**
>Please produce all communications by or on behalf of NRG Energy, Inc. and any counterparty to a coal supply and/or transportation contract in which NRG Energy, Inc. requested consent to provide the coal supply and/or transportation contract to Entergy.

(R. Doc. 320-3 at 22; R. Doc. 320-6 at 6). Entergy's Request for Production No. 29 seeks documents pertaining to Entergy's requests for access to the contracts:

>**Request for Production No. 29**
>Please produce all documents pertaining to Entergy's requests for access to the coal supply and transportation agreements from January 1, 2002, through the current date.

(R. Doc. 320-3 at 31). Entergy represents that subject to their objections LaGen and NRG have not produced any documents responsive to these discovery requests. (R. Doc. 320-1 at 6-7).

Entergy's third claim specifically alleges that "Section 7.2 of the JOPOA obligates Louisiana Generating to work in good faith to attempt to obtain the necessary consents to allow the Entergy Plaintiffs to review confidential or proprietary information provided by third parties to Louisiana Generating to the extent the Entergy Plaintiffs request the information for any

6

proper purpose." (R. Doc. 158 at 14-15). Entergy's third claim further alleges that: Entergy requested LaGen to produce the coal sales and transportation contracts for purposes of auditing the invoices submitted by LaGen; LaGen refused to comply claiming that the contracts contained confidentiality provisions; Entergy then requested LaGen to attempt in good faith to obtain permission from the counterparties to allow Entergy to review the contracts; and LaGen failed to do so. (R. Doc. 158 at 16).

The Court previously compelled production of the Buckskin Mining Company's contract in light of the allegations in Entergy's fourth claim, but denied the wholesale production of contracts because it would undermine the district judge's authority to decide the merits of Entergy's third claim (which seeks a declaration that Entergy is entitled to the contracts). (R. Docs. 225). This previous ruling does not limit the discovery sought here. First, the instant discovery requests are not limited to the Buckskin Mining Company contract referenced in Entergy's fourth claim. Second, LaGen and NRG may produce the sought communications without producing the underlying contracts. Indeed, the Court's previous ruling required the production of confidentiality provisions in the contracts in light of LaGen's affirmative defense of confidentiality. (R. Doc. 225 at 12-13). Entergy now only seeks communications and other information regarding LaGen and NRG's efforts to obtain permission to provide Entergy the contracts notwithstanding confidentiality provisions. Requiring the production of this information would not undermine the district judge's authority to decide the merits of Entergy's third claim.

Entergy's Request for Production No. 17, Request for Production No. 29, and Subpoena Request No. 2 seek information relevant to Entergy's third claim and LaGen's affirmative defense of confidentiality. The information sought is proportional to the needs of this case. LaGen and NRG concede that they have already run searches broad enough to uncover

7

responsive documents and represent that they will produce "non-privileged documents revealed by the searches responsive to these discovery requests" to Entergy if ordered to do so by the Court. (R. Doc. 336 at 13-14). Accordingly, LaGen and NRG will not face significant costs in collecting and producing responsive documents. Given the foregoing, the Court overrules the objections raised by LaGen and NRG in response to these discovery requests, and will require production of non-privileged responsive documents.

### 2. Discovery Regarding Default Damages

After the submission of the instant motion and briefing, the district judge dismissed Entergy's sixth claim. (R. Doc. 346). Accordingly, the information with respect to default damages sought in Entergy's Interrogatory No. 1 and Requests for Production Nos. 2 and 5 are no longer relevant. The Court denies Entergy's motion to the extent it seeks further responses to these discovery requests.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Entergy's Motion to Compel (R. Doc. 320) is **GRANTED IN PART and DENIED IN PART**. LaGen and NRG must produce non-privileged documents responsive to Entergy's Request for Production No. 17, Request for Production No. 29, and Subpoena Request No. 2 within **14 days** of the date of this Order, or as otherwise agreed upon by the parties. LaGen and NRG may redact communications to the extent those communications identify the parties to the contracts, the date the contracts were signed, the term or length of the contracts, or any contract language not previously required to be produced. LaGen and NRG must produce a privilege log identifying any responsive documents withheld on the basis of the attorney-client privilege and/or work product immunity.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on March 10, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**