UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ENTERGY GULF STATES LOUISIANA,**            **CIVIL ACTION NO.**
**L.L.C. AND ENTERGY TEXAS, INC.**

**VERSUS**            **14-385-SDD-EWD**

**LOUISIANA GENERATING, L.L.C.**

## ORDER

Before the Court are two Motions to Compel, filed by Defendant Louisiana Generating, L.L.C. ("LaGen").[1] For the reasons explained below, the motions will be denied. Additionally, the Scheduling Order[2] will be amended to require that before moving for an order relating to discovery the movant must request a conference with the undersigned. Finally, a status conference will be held in this matter on May 25, 2021 via Zoom. The parties will be required to submit a joint status report, limited to five pages, that outlines any outstanding discovery disputes prior to the status conference.

This case concerns Entergy's claims for recovery of costs in accordance with the terms and conditions of a Joint Ownership Participation and Operating Agreement (the "JOPOA").[3] Among other things, Entergy seeks recovery of costs related to the installation and operation of a Selective Non-Catalytic Reduction device ("SNCR") on Unit 3 of the Big Cajun II Power Plant (the "Plant"), which Entergy co-owns with LaGen.

A review of the docket shows that the parties have struggled to complete discovery in this matter. Several continuances of the scheduling order deadlines have been granted[4] and ongoing

---

[1] R. Docs. 354 & 370.
[2] R. Doc. 359.
[33] R. Doc. 158.
[4] The deadline to complete non-expert discovery was most recently reset to June 1, 2021 due to delays resulting from the COVID-19 pandemic. R. Doc. 359.

disputes have led to the filing of several discovery-related motions, including the two motions, filed by LaGen, that are addressed in this Order. Because of the contentious nature of these proceedings, the Court ordered the following prior to the filing of any motions related to written discovery:

> Any further motion pertaining to written discovery in this action must provide a certification that the parties conferred in good faith and have satisfied the requirements of the ESI Protocol (R. Doc. 237-1). In addition, any future Rule 37(a)(1) or Rule 26(c)(1) certificate filed must specifically set forth the following: (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties. In the alternative, the Rule 37(a)(1) or Rule 26(c)(1) certificate must detail the moving counsel's good faith attempts to confer with opposing counsel and provide evidence that opposing counsel refused to confer after reasonable notice.[5]

LaGen's Rule 37(a)(1) certificates for the pending motions generally state that its counsel conferred with Entergy's counsel "in a good faith attempt to resolve the matters identified in this motion," but the "parties were unable to resolve these issues."[6] Although the motions outline, to some degree, the discussions between counsel regarding the disputes, the most recent emails offered to show the parties' conferral efforts are from three months ago, so it is not clear whether and to what extent the parties have recently conferred in an effort to resolve these disputes.

The reasons for the Court's decision to require a more specific explanation of the parties' efforts to resolve discovery issues prior to filing any additional discovery motions is apparent given the history of this case. LaGen's motions do not comply with the Court's January 4, 2021 Order, which is a sufficient basis to deny them.[7] As it appears that the parties have struggled to confer in

---

[5] R. Doc. 323 at pp. 19-20
[6] R. Doc. 354, p. 4 and R. Doc. 370, p. 5.
[7] Although both motions also include requests for relief related to the scheduling of a 30(b)(6) deposition of Entergy as to Entergy's effort to respond to discovery requests and information regarding CAIR/CSAPR, SNCR, and the Consent Decree, which is arguably not written discovery, given that the parties will be given the opportunity to explain

2

good faith to make every effort to resolve their discovery-related disputes prior to seeking court intervention notwithstanding this Court's prior Order, the current Scheduling Order[8] will be amended to require that, before moving for an order relating to discovery, the movant must request a conference with the undersigned.[9]  The purpose of this requirement is to ensure that the parties are not filing discovery-related motions prior to adequately exhausting their conferral obligations. This requirement is effective immediately and applies to all discovery-related motions, whether related to written discovery or otherwise.  Finally, to further assist the parties in meeting their conferral obligations, a conference will be scheduled with the undersigned by Zoom to discuss all outstanding discovery-related issues.  Prior to the Zoom conference, the parties shall confer **by videoconference or in person** and shall submit a status report that addresses the outstanding issues.  The status report will be limited to **five pages** and must be **jointly prepared**.  The status report shall be formatted to state each parties' position regarding the issue raised, *i.e.*, prospective movant's position, followed by the response.  Relief from the page limitations for the status report will not be granted.

**IT IS ORDERED** that the Scheduling Order[10] is amended to include a requirement that before moving for an order relating to discovery the movant must request a conference with the undersigned, pursuant to Fed. R. Civ. Proc. 16(b)(3)(B)(v).

**IT IS FURTHER ORDERED** that a status conference is scheduled with Magistrate Judge Wilder-Doomes for **May 25, 2021 at 1:30 p.m.**[11]  Participate instructions are attached.  A joint

---

their respective positions at the May 25th Zoom conference and that LaGen is not foreclosed from reurging a discovery motion on these issues upon receipt of permission from the undersigned, there is no prejudice in terminating the motions in their entirety.

[8] R. Doc. 359

[9] *See* Fed. R. Civ. Proc. 16(b)(3)(B)(v).

[10] R. Doc. 359.

[11] Counsel for LaGen indicated in correspondence to the undersigned that the week of May 24th for a conference may not be feasible for the parties given other scheduling issues, however, the proposed date of May 17th for a conference

status report, limited to five pages, which outlines the outstanding discovery issues, must be filed by no later than **May 21, 2021**.

**IT IS FURTHER ORDERED** that LaGen's Motions to Compel[12] are **DENIED** without prejudice to reurging.  As the issues raised in the motions will be the subject of the May 25th conference unless they are resolved, the motions should not be reurged before the May 25th conference.

Signed in Baton Rouge, Louisiana, on May 14, 2021.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

is not feasible for the Court.  If the parties need to reschedule the status conference, counsel should confer and contact chambers to select a new date.
[12] R. Docs. 354 & 370.